# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

TIMOTHY DEHN,

        Petitioner,

v.                                                    Case No. 10-CV-627

JEFFREY PUGH,

        Respondent.

_____

## ORDER

On August 30, 2010, the court issued an order requiring the petitioner, Timothy Dehn ("Dehn"), to submit all state court decisions concerning his convictions that form the basis for his petition for a writ of habeas corpus made pursuant to 28 U.S.C. § 2254. (Docket #4). On September 7, 2010, the petitioner provided the court with three of the state court decisions concerning his convictions. With the benefit of the additional material provided by the petitioner, the court will now continue its attempt to screen Mr. Dehn's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. As this court stated in its August 30, 2010 order, Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where it "plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." The rule provides the district court the power to dismiss both petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993). Upon

an initial Rule 4 review of the habeas petition, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

Mr. Dehn's filing with the court is hardly a model of clarity. As best as the court can tell from Dehn's petition, the newly attached court records, and publically available records, in July 1997, the State of Wisconsin charged Dehn with one count of first-degree sexual assault of a child, in violation of Wis. Stat. § 948.02(1). The petitioner pled no-contest to the charge, and the sentencing court ordered a ten-year probation term, with a six-month imposed-and-stayed jail term. Mr. Dehn opted to not pursue a direct appeal of the 1997 sentence. In 2001, the petitioner's probation was revoked for a completely different incident: he interacted with another minor in violation of the terms of his probation. As a consequence, Mr. Dehn was sentenced to a term of imprisonment of twenty years. In May of 2003, Mr. Dehn attempted a collateral attack to modify his post-revocation sentence, which the trial court denied. The petitioner admits in his petition that he never appealed his 2003 attack on his post-revocation sentence to the Wisconsin Supreme Court.[1] Five years later, Mr. Dehn filed a motion to withdraw his 1997 no-contest plea and to vacate the judgment

---

[1] Mr. Dehn alleges that he appealed the denial of his collateral attack on his post-revocation sentence to the Wisconsin Court of Appeals, as well. However, the opinion Dehn provided from the Court of Appeals is dated in March of 2003, before he filed the collateral attack on his post-revocation sentence. Moreover, all public records indicate that he never appealed the denial of his motion to vacate his post-revocation sentence.

-2-

of conviction. The petitioner's latest collateral attack was as equally unsuccessful as his previous attack. The trial court denied the motion on the merits, and the Wisconsin Court of Appeals refused to reach the merits of Mr. Dehn's attack on his 1997 conviction, as he waived any challenges to that conviction by not directly appealing that conviction or making any timely collateral challenges to that conviction. The petitioner asserts that he appealed the Wisconsin Court of Appeals decision to the Wisconsin Supreme Court, who allegedly denied a writ of certiorari on January 20, 2010. Mr. Dehn still has not provided the court with any documentation to support his latter assertion.

The petitioner filed his federal habeas petition on July 23, 2010. (Docket #1). The petition itself is quite bizarre – it contains five grounds for relief and is followed by two addendums. The first addendum is labeled "Statement of Grounds, Claims and Issues Presented," and, as best as the court can tell, it contains a laundry list of problems that Mr. Dehn had with his original 1997 conviction and the 2001 revocation of his probation. The second addendum is labeled "Record of Counsel" and appears to be a history of Mr. Dehn's experiences with legal counsel that have represented him during his 1997 conviction and his 2001 revocation of his probation. The formal "grounds for relief" that Mr. Dehn raises in his petition are quite terse and the court is all but forced to guess at what issues Mr. Dehn has with his underlying convictions. Nonetheless, after reading the underlying state court decisions, the court can surmise that Mr. Dehn has raised four grounds for relief that stem from

problems with his 1997 conviction and one ground for relief that relates to his 2001 post-revocation sentence. Specifically, Mr. Dehn contends that he was denied: (1) his "right to appeal" his 1997 conviction; (2) his right to effective assistance of "trial and post-conviction" counsel during the 1997 conviction; (3) his right to effective assistance of appellate counsel during the 1997 proceedings; (4) his Fifth Amendment due process rights because he has been unable to challenge infirmities with his 1997 conviction in state court; and (5) his Fifth Amendment right to double jeopardy protection by being sentenced to twenty years in prison following the revocation of his probation term.[2] With this background in mind, the court proceeds to screen Mr. Dehn's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases.

The court begins its Rule 4 review by examining the timeliness of Dehn's petition, beginning with the petitioner's first four grounds for relief, which challenge the validity of his 1997 conviction. Here, with regard to Mr. Dehn's attempts to challenge the validity of the 1997 judgment, the petitioner's claims have been brought far too late. Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner may bring a habeas petition within one year from the latest of "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking

---

[2] Mr. Dehn's argument apparently is that he was already punished for the 1997 crime via the probation term, where he had to serve six months of the sentence in jail and, therefore, it was constitutionally impermissible for Mr. Dehn to be punished for the separate crime of violating the terms of his probation by having contact with a minor. While the court will not reach the merits of Mr. Dehn's double jeopardy ground for relief in this order, the mere discussion in this footnote of what Mr. Dehn's argument entails illustrates the utter absurdity of his claim.

such review." The petitioner does not allege any facts in the petition that would support a finding that he is entitled to an alternative start date for his limitations period.[3] Public records indicate that the petitioner's judgment was issued on November 17, 1997. Mr. Dehn did not file a direct appeal of his 1997 conviction. Under Wisconsin law, Mr. Dehn had twenty days to do so, Wis. Stat. § 809.30, and, accordingly, his judgment became "final" within the meaning 28 U.S.C. § 2244 on or around December 7, 1997. Although the proper filing of a state court motion for collateral review tolls the one-year limitations period, 28 U.S.C. § 2244(d)(2), the petitioner did not file any post-conviction challenges to his 1997 conviction until 2008, well after the limitations period had expired. In order to toll the limitations period, Mr. Dehn would have had to file his state court motion before his limitations period expired. *Fernandez v. Sternes,* 227 F.3d 977, 979 (7th Cir. 2000). As such, Mr. Dehn's challenges to his 1997 conviction are woefully untimely.

Mr. Dehn's remaining ground for relief relates to his 2001 sentence stemming from the revocation of his probation term. For similar reasons, the court can only conclude that the petitioner's final claim for relief is untimely. Public records indicate

---

[3] For example, 28 U.S.C. § 2244(d)(1)(B) allows the limitations period to begin on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action." 28 U.S.C. § 2244(d)(1)(C) provides that a limitations period can begin on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Finally, 28 U.S.C. § 2244(d)(1)(D) states that the limitations period can begin on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Nothing in Mr. Dehn's petition indicates that any facts exist that would require a start to the limitations period other than the one prescribed in 28 U.S.C. § 2244(d)(1)(A).

that Mr. Dehn attempted a collateral attack on his post-revocation sentence on May 3, 2003. The trial court denied Mr. Dehn's motion on May 27, 2003, and Mr. Dehn again opted to not appeal the decision to a higher court. As such, his judgment became final, at the latest, within the meaning of 28 U.S.C. § 2244 on June 16, 2003.[4] Wis. Stat. § 809.30. Given that the petitioner never filed a federal habeas petition until 2010, the court can only conclude that Mr. Dehn's petition, in its entirely, is untimely.

The Supreme Court, in a recent case, explained that the "statute of limitations" imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") is "not jurisdictional" and "it does not set forth an inflexible rule requiring dismissal whenever its clock has run." *Holland v. Florida*, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010). Accordingly, before dismissing Mr. Dehn's petition, the court will allow the petitioner the opportunity to present any facts and arguments he can muster to prove that his petition is in fact timely, that circumstances exist that would justify tolling the statute of limitations for equitable reasons, or that the interests of justice would be better served by addressing the merits of the petition. The court cautions the petitioner, however, that equitable reasons for tolling the statute of limitations are difficult to come by, and require more than mere ignorance of the law

---

[4] It is unclear from the public record and from Mr. Dehn's filings with the court whether the petitioner directly appealed the judgment that revoked his probation and sentenced him to twenty years in prison. The court makes the very generous assumption that Mr. Dehn's collateral attack on the post-revocation sentence tolled the statute of limitations period. However, even in making this assumption, it is patent that Mr. Dehn's final claim for relief is untimely.

or lack of access to legal resources. *See e.g. United States v. Cook*, 105 F. Supp. 2d 1013, 1014-15 (E.D. Wis. 2000); *see also Holland,* 130 S. Ct at 2564 (holding that a "garden variety claim of excusable neglect . . . does not warrant equitable tolling.") Moreover, the *Holland* court required some level of diligence by the petitioner in order to toll the statute of limitations. *Id.* at 2565 ("The diligence required for equitable tolling purposes is 'reasonable diligence.'"). Given the gross amount of time between when the petitioner's judgments that he is challenging became final and when Mr. Dehn finally opted to file a federal habeas claim, the court warns Mr. Dehn that he must provide the court with an *extremely* compelling argument to warrant tolling the statute of limitations. If Mr. Dehn cannot muster a "nonfrivolous argument" for why the statute of limitations period should be equitably tolled, Fed. R. Civ. P. 11(b)(2), the petitioner may risk exposing himself to sanctions by this court, including monetary sanctions. Fed. R. Civ. P. 11(c).

Moreover, even if Mr. Dehn does convince this court that it should toll the statute of limitations to file a habeas claim, the petitioner has not met *his* burden in proving that he has exhausted his state court remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). If a federal

habeas petition has even a single unexhausted claim, the district court must dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim, or amending or resubmitting the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269, 278 (2005). A prisoner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972). The burden is on the petitioner of proving compliance with the exhaustion requirement. *Baldwin v. Lewis*, 442 F.2d 29, 35 (7th Cir. 1971) ("The burden was on the petitioner of proving compliance with the exhaustion requirement"); *McCormick v. Kline*, 572 F.3d 841, 852 (10th Cir. 2009) (holding that habeas petitioner has the burden of proving exhaustion of state remedies); *Bowie v. Branker*, 512 F.3d 112, 122 (4th Cir. 2008) (same); *DeFoy v. McCullough*, 393 F.3d 439, 443 (3rd Cir. 2005) (same); *Barresi v. Maloney*, 296 F.3d 48, 51 (1st Cir. 2002) (same); *Carmichael v. White*, 163 F.3d 1044, 1046 (8th Cir. 1998) (same).

Here, the petitioner has not met his burden of proving compliance with the exhaustion requirement. *Id.* Specifically, Mr. Dehn has not provided the court with any information indicating that he ever appealed any of his convictions to the Wisconsin Supreme Court. As such, the court will need Mr. Dehn to submit such

documentation before the court can continue to screen the petitioner's complaint. The court notes that this is the second and the last time the court will ask Mr. Dehn to file the proper documentation. If Mr. Dehn fails to properly comply with this court's order, the court will dismiss his case without further notice.

Accordingly,

**IT IS ORDERED** that the petitioner shall **SHOW CAUSE** within **twenty (20) days** from the date of this order, why his petition is not untimely,

**IT IS FURTHER ORDERED** that the petitioner shall submit all state court decisions demonstrating that he exhausted his state court remedies within **twenty (20) days** from the date of this order; failure to respond to either of the court's orders will lead the court to enter an order dismissing the petition with prejudice.

Dated at Milwaukee, Wisconsin, this 15th day of September, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge