# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

TIMOTHY DEHN,

        Petitioner,

v.                                                             Case No. 10-CV-627

JEFFREY PUGH,

        Respondent.

_____

## ORDER

On July 23, 2010, Timothy Dehn ("Dehn") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket #1). Soon after, a series of orders were issued by this court in an attempt to screen Mr. Dehn's petition to ensure it was not plainly frivolous. In a September 15, 2010 order, the court, acting pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, discovered several flaws with Mr. Dehn's petition that indicated that the petitioner was not entitled to relief. Specifically, the court found that Mr. Dehn's petition was untimely, as the petition, filed on July 23, 2010, was challenging: (1) a 1997 judgment of a Wisconsin court that sentenced the petitioner to a term of probation; and, (2) a 2001 judgment of a Wisconsin court revoking Mr. Dehn's probation term and sentencing him to a term of imprisonment. Given that under 28 U.S.C. § 2244(d)(1)(A) a state prisoner may bring a habeas petition within one year from the latest of the "date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review," the court's conclusion that Mr. Dehn's petition was untimely was rather obvious. The court allowed the petitioner

twenty days from the date of the September 15, 2010 order to indicate: (1) why his petition was not untimely; or, in the alternative, (2) whether there were "circumstances [that] exist that would justify tolling the statute of limitations for equitable reasons" or "the interests of justice would be better served by addressing the merits of the motion."[1] (Docket #6). Mr. Dehn responded to the court's September 15, 2010 order on October 12, 2010, with a filing entitled a "motion to address petition deficiencies." The petitioner's "motion" is not a motion, as he was merely attempting to comply with the court's order.[2] Notably, the petitioner's submission to the court concedes that his petition was not filed within the proper time limits. (Pet'r's Br. at 4, Docket #7) ("Petitioner brings a request for the court to apply the doctrine of equitable tolling to the time limits that appear to bar his petitioner."). As such, the court need only determine whether Mr. Dehn has proffered any reasons that warrant equitably tolling the limitations period in which to file his habeas petition.

Equitable tolling is available to a petitioner who can show that extraordinary circumstances *prevented him* from filing his Section 2254 petition within the statutory time limits. *Holland v. Florida*, 130 S. Ct. 2549, 2560, 2562, 177 L. Ed. 2d 130 (2010) (emphasis added). In fact, the scope of cases where equitable tolling is appropriate is "quite narrow," *Montenegro v. United States,* 248 F.3d 585, 594 (7th

---

[1] The court also directed Mr. Dehn to submit any orders from the highest court in Wisconsin to demonstrate that the petitioner exhausted his federal claims. The court does not reach the merits of whether Mr. Dehn complied with that part of the court's September 15, 2010 order in this order.

[2] Mr. Dehn's motion at Docket #7 will be granted, although it was entirely unnecessary for him to make a motion, given the court's request in the September 15, 2010 order.

Cir. 2001), as the Seventh Circuit has "yet to identify a circumstance that justifies equitable tolling in the collateral relief context." *Modrowski v. Mote,* 322 F.3d 965, 967 (7th Cir. 2003). Moreover, the petitioner must also show that he diligently pursued relief despite the obstacles placed in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

Here, as best as the court can determine from the petitioner's brief, Mr. Dehn's submission to the court states that Wisconsin's "faulty" procedural rules regarding collateral challenges to a criminal conviction "blocked every effort made by the petitioner" to seek relief (Pet'r's Br. at 4), providing Mr. Dehn with an extraordinary reason for this court to ignore the statute of limitations for filing Section 2254 motions. Mr. Dehn also asserts that his "actual innocence" provides a reason for this court to disregard Section 2254's limitations period, as it would be "fundamentally unfair" for this court to ignore Mr. Dehn's plight. *Id.* at 5. However, neither of these issues *prevented* Mr. Dehn from filing his federal habeas claim in a timely manner. Every habeas petitioner challenging a conviction in Wisconsin state court has to do "battle" with the procedural rules of which Mr. Dehn complains. However, this court regularly receives timely filed habeas petitions from prisoners in Wisconsin state correctional institutions. While the procedural rules the petitioner takes umbrage with may have complicated his ability to seek collateral relief under Wisconsin law, there is no reason it prevented Mr. Dehn from timely filing his federal habeas petition. Additionally, Mr. Dehn's supposed "actual innocence" is not a reason for why the petitioner failed to file his federal habeas petition on time.

Moreover, neither of the reasons the petitioner provided in his brief to the court indicate that Mr. Dehn was *diligent* in his efforts to seek habeas relief, a prerequisite that the petitioner must show before the court can equitably toll the limitations period. *Pace*, 544 U.S. at 418. Mr. Dehn fails to explain why he did not file a *federal* habeas petition challenging his original 1997 conviction and his 2001 sentence until this year. In contrast to *Holland*, where the petitioner's attorney failed to file a federal habeas petition within the limitations period despite the fact that the petitioner had sent "many letters that repeatedly emphasized the importance of doing so," *Holland,* 130 S. Ct. at 2564, absolutely nothing manifests that Mr. Dehn was even somewhat concerned about filing his habeas petition in a timely manner.

Mr. Dehn seems to be conflating the doctrine of procedural default and the far simpler issue of the need to file his habeas petition within the time limits set by federal law. Mr. Dehn's claims of "actual innocence" and that Wisconsin's procedural rules were not applied in a "consistent and principled way" are arguments in favor of this court disregarding the fact that the state courts in Wisconsin did not reach the merits of a habeas petitioner's legal claims. *Page v. Frank*, 343 F.3d 901, 909 (7th Cir. 2003); *see also Johnson v. Thurmer*, No. 07-2628, 2010 U.S. App. LEXIS 21443, at *6-7 (7th Cir. Oct. 18, 2010). However, this court never reached the issue of "procedural default" in its September 15, 2010 screening order; instead, the court found that Mr. Dehn's petition was plainly frivolous because it was untimely. Without some sort of indication that something prevented the petitioner from filing his petition in a timely manner or the petitioner was diligent in pursuing federal

collateral relief, Mr. Dehn's arguments do not warrant *equitable tolling* in this case. *Flanders v. Graves*, 299 F.3d 974 (8th Cir. 2002) (stating that actual innocence is relevant when deciding whether to toll the limitations period, but must be accompanied by evidence of prisoner's due diligence); *see also Gildon v. Bowen*, 384 F.3d 883 (7th Cir. 2004) ("'Actual innocence' . . . does not extend the time to seek collateral relief.") As Mr. Dehn has not provided a coherent reason for why his petition should be deemed timely, the court is obliged to dismiss his petition for the reasons stated above and in the court's September 15, 2010 order.

The petitioner asserts that the court is "placing [sic] undue burden on the petitioner in its initial rule 4 screening . . . by forcing petitioner to make [sic] argument in defense of his claim for equitable tolling." (Pet'r's Br. at 1). A habeas corpus petition bears the burden of establishing that he or she is entitled to relief under § 2254. *Farmer v. Litscher*, 303 F.3d 840, 845 (7th Cir. 2002). More specifically, the petitioner bears the burden of showing that equitable tolling is warranted in the particular case. *Pace*, 544 U.S. at 576. Without citation to any authority, Mr. Dehn assumes that a habeas petitioner can simply file an untimely petition and still force the respondent to litigate the case. The petitioner's assumption is squarely rejected by the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases: "It is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer . . . [N]otice pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" The court cannot shirk

its duty under Rule 4, and, accordingly, the court will not force the state of Wisconsin to expend its limited resources in preparing an unnecessary response to Mr. Dehn's plainly meritless petition.

## CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), the applicant must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (internal citations omitted). While Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should issue, additional argument is not necessary here. Given the record before the court, no reasonable jurist would find it debatable whether this court was correct in its ruling on the present motion. As a consequence, the court is obliged to deny a certificate of appealability as to the petitioner's motion.

Accordingly,

**IT IS ORDERED** that the petitioner's motion to "address petition deficiencies regarding exhaustion of issues in state court" (Docket #7) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the petitioner's "Petition for Writ of Habeas Corpus" (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability as to the petitioner's motion be and the same is hereby **DENIED** and;

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of October, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge